UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.: 14-04145

| | |
|---|---|
| David Greenley,<br><br>Plaintiff,<br>v.<br><br>Midland Credit Management, Inc.,<br><br>Defendant. | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d).

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") in its illegal efforts to collect a consumer debt.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

4. Defendant has transacted business within the State of Minnesota by attempting to collect a debt from Plaintiff over the telephone, incorporating itself to do business in Minnesota, and registering itself as a debt collector with the Minnesota Department of Commerce, while Plaintiff was located within and permanently residing within the State of Minnesota.

## PARTIES

5. Plaintiff David Greenley (hereinafter "Plaintiff") is a natural person who resides in the City of Minneapolis, County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) or a person affected by a violation of that law.

6. Defendant Midland Credit Management, Inc., (hereinafter "Defendant MCM") is a collection agency operating from an office address of 8875 Aero Drive Suite 200, San Diego, California 92123, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), by obtaining his Trans Union consumer credit report on or around December 12, 2013.

8. Defendant MCM and the collectors employed by Defendant MCM communicated with Plaintiff by telephone telephone in an effort to collect a debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

9. On or about July 7, 2014, Plaintiff contacted Defendant MCM because he saw an inquiry on his TransUnion credit report made by Defendant MCM and wanted to know why Defendant MCM had pulled the report.

10. Plaintiff talked to two different employees of Defendant MCM during the call.

11. The second of these employees, "Paul Armstrong", in part denied that Defendant MCM had pulled Plaintiff's credit report.

12. Paul Armstrong falsely stated that it was an error made by the credit-reporting agency and that Defendant MCM had not pulled his report since 2011.

13. This was a materially false statement made by Defendant MCM's employee in an effort to collect this debt, because it confused and frustrated Plaintiff's efforts to determine who was looking at his consumer credit report.

14. Plaintiff is considering purchasing a new home and was entitled to an accurate response from Defendant MCM's employee about the basis for Defendant MCM's recent inquiry into his credit report.

15. This collection communication on this occasion was therefore a false and deceptive, communication in an effort to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(5), 1692e(8), 1692e(10), and 1692f, amongst others.

*Summary*

16. All of the above-described collection communications made to Plaintiff by Defendant MCM and other collection employees employed by Defendant MCM, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others.

## TRIAL BY JURY

17. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. § 1692 et seq.

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. The foregoing acts and omissions of Defendant MCM and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

20. As a result of Defendant MCM's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant MCM herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant MCM as follows:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant MCM and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant MCM and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant MCM and for Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: October 4, 2014      **BARRY & HELWIG, LLC**
By:  **s/Peter F. Barry**

                                  Peter F. Barry, Esq.
Attorney I.D.#0266577
2701 University Ave SE, Suite 209
Minneapolis, Minnesota 55414-3236
Telephone:  (612) 379-8800
Facsimile: (612) 379-8810
pbarry@lawpoint.com

pfb/ra                             **Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA           )
                             ) ss
COUNTY OF HENNEPIN           )

Pursuant to 28 U.S.C. § 1746, Plaintiff David Greenley, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 4, 2014.

_____
Signature